four years after the accident, his face was disfigured, and there was evidence that the condition of jawbone and clavicle was permanent.

10. APPEAL AND ERROR, § 1413*—*when verdict not disturbed.* A verdict for damages will be sustained on appeal where two juries have rendered verdicts for the same sum, and the verdicts have been approved by the trial judges.

### Owen B. Vaughn, Plaintiff in Error, v. City of Chicago, Defendant in Error.

### Gen. No. 21,089.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed February 16, 1916.

### Statement of the Case.

Mandamus by Owen B. Vaughn, petitioner, against the City of Chicago, respondent, to reinstate him in position as carpenter, from which position the Civil Service Commission of respondent city had removed him. From a judgment in favor of respondent entered upon a demurrer to the petition, petitioner brings error.

The petition averred that the office or position to which he sought reinstatement was created by ordinance; that such position was that of carpenter for which he had taken a civil service examination and which he duly passed; that he qualified for the position; that charges against him were not heard by the Civil Service Commission but by a police trial board composed of three persons, two of whom were members of the Civil Service Commission.

The petition also averred that a judgment of the Municipal Court of Chicago for wages due him in such

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

position was *res adjudicata* of facts which were set up in the action in the Municipal Court and also in this position, and that respondent was estopped from denying them.

A. D. GASH and A. G. DICUS, for plaintiff in error.

RICHARD S. FOLSOM, for defendant in error; JOHN E. FOSTER, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. MANDAMUS, § 139*—*what person seeking reinstatement in office or position must allege in petition.* A person seeking reinstatement in office or position by a writ of mandamus must show in his petition the legal existence of the office or position, his clear right to the office or position and the duty on the part of respondents to perform the act sought to be enforced.

2. MANDAMUS, § 150*—*what allegations in petition are admitted on demurrer.* While in a petition for mandamus all allegations in the petition that are well pleaded are admitted by the demurrer, mere conclusions of the pleader are not so admitted.

3. MANDAMUS, § 139*—*when petition for reinstatement in position demurrable.* Where petitioner in mandamus for reinstatement to position of carpenter in the police department of Chicago relied on city ordinances and the petitioner did not set up the provisions of the ordinances nor the substance thereof, but simply his conclusions that the office or position was established by the ordinances, whether such ordinances created the office or position was a question of law, and the petition was clearly demurrable.

4. CIVIL SERVICE, § 23*—*when findings of police trial board are conclusive.* Where a police trial board hearing charges against an employee of the police department is composed of two members of the Civil Service Commission, such board need not report its decision to the Civil Service Commission, as the findings of the trial board are, under such circumstances, conclusive.

5. JUDGMENT, § 508*—*when not res adjudicata as to legal existence of office and right thereto.* Where a petitioner for mandamus to reinstate himself in the position of carpenter in the Chicago police department averred that, in an action in the Chicago Munici-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

pal Court for salary due him, he set up facts showing the legal existence of the office he was seeking and that a judgment in such court was *res adjudicata* of the legal existence of the office and his right thereto, *held* that such judgment was not *res adjudicata*, as it may have been rendered upon the ground that the petitioner had performed the services for which he was seeking pay, and especially as such judgment had been reversed by the Appellate Court.

# In the Matter of the Estate of Daniel J. Davis, Deceased.

## E. G. Tisdale and O. D. Tisdale, Appellants, v. Maud R. Davis, Administratrix of the Estate of Daniel J. Davis, Deceased, Appellee.

## Gen. No. 21,180.

1. COURTS, § 105*—*when Probate Court equitable jurisdiction to reinstate and allow claim.* Probate Court has equitable jurisdiction to enter order on oral motion reinstating and allowing a claim which was dismissed, and a formal bill in equity is not necessary for such purpose.

2. EXECUTORS AND ADMINISTRATORS, § 248*—*what constitutes sufficient exhibition of claim to prevent bar of statute of limitations.* Where claim in Probate Court is dismissed for want of prosecution, and after more than two years from the issuance of letters of administration, and a duplicate of such claim, the original having been lost, is filed by permission of the court, and although the administratrix was not served by summons but was otherwise notified and appeared in court, there was a sufficient exhibition of the claim to the court under Rev. St., ch. 3, sec. 70 (J. & A. ¶ 119), and it was not barred by the two years' limitation prescribed in such statute.

3. APPEAL AND ERROR, § 1725*—*when previous decision law of case.* Previous holding of Appellate Court in same subject-matter is law of the case on subsequent appeal.

4. APPEAL AND ERROR, § 1802*—*when case reversed without re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.